JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Linda M. Smith
201 Overlook Road
Philadelphia, PA 19128

(b) County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Fox, Esquire (215) 546-2477
1219 Spruce Street
Philadelphia, PA 19107

Kenneth Berman, Esquire
2005 Market Street, Ste.350
Philadelphia. PA 19103

**DEFENDANTS**
Hartford Life and Accident Insurance Company
200 Hopmeadow Street
Simsbury, CT 06089

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE DOCKET NUMBER

DATE 8/2/16

SIGNATURE OF ATTORNEY OF RECORD WJ Fox

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 201 Overlook Road, Philadelphia, PA 19128

Address of Defendant: Def. #1, 200 Hopmeadow Street, Simsbury, CT 06089, Def. #2 1919 Flowers Circle, Thomasville, GA 31757

Place of Accident, Incident or Transaction: ____________________

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No X

*RELATED CASE, IF ANY:*
Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No X
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases (Please specify) ERISA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, William J. Fox, Esquire, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

**DATE: 8/2/2016** William J. Fox, Attorney-at-Law 69896 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE: 8/2/2016** Attorney-at-Law **69898** Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| LINDA M. SMITH | : | CIVIL ACTION |
| | : | |
| v. | | :NO. |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
| and | : | |
| FLOWERS FOODS, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| 7/28/16 | William J. Fox | Linda M. Smith |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.546.2477 | 546.4698 | bill@wjfoxpc.comcastbiz.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA M. SMITH, Plaintiff, | Civil Action No. |
| v. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | |
| And | |
| FLOWERS FOODS, INC. Defendants | |

**COMPLAINT FOR VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

Plaintiff Linda M. Smith ("Smith" or "Plaintiff"), by and through her undersigned counsel, in support of her Complaint, hereby pleads and avers as follows:

***Parties***

1. Plaintiff, Linda M. Smith, is a resident and citizen of Philadelphia, Pennsylvania.

2. Defendant, Flowers Foods, Inc. ("Flowers Foods") is a corporation with its headquarters located at 1919 Flowers Circle, Thomasville, Georgia 31757.

3. Defendant, Hartford Life and Accident Insurance Company, ("The Hartford"), is an operating subsidiary of Hartford Life, the life insurance division of The Hartford Financial Services Group, a multinational insurance company. The company is headquartered at 200 Hopmeadow Street, Simsbury, CT 06089. The company provides life and accident insurance and annuities as well as long-term and short-term disability insurance all across the US, and is licensed to do business in the Commonwealth of Pennsylvania.

4. Defendant Flowers Foods offered its employees long-term disability ("LTD") insurance through a policy of group disability insurance.

5. At all times relevant to this lawsuit, the Group Long Term Disability Plan For Employees of Flowers Foods, Inc., (the "Plan") was funded by a policy of group disability insurance issued by The Hartford to Flowers Foods, bearing policy no. GLT 675437 (the "LTD Policy"), which is incorporated into and forms a part of the Plan.[1]

6. Defendant Flowers Foods is the Sponsor and the Administrator of the Plan.

7. The Hartford administered claims for benefits under the LTD Policy, including Plaintiff's claim for LTD benefits.

***Jurisdiction and Venue***

8. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), to recover benefits due to the Plaintiff under the terms of the Plan, to enforce her rights under the terms of the Plan, to clarify her rights to future benefits under the terms of the Plan, and to recover costs and attorneys' fees.

9. This is an action brought pursuant to § 502(a), specifically § 502(a)(1)(B), of ERISA, codified at 29 U.S.C. § 1132(a).

10. The United States District Court for the Eastern District of Pennsylvania has subject matter jurisdiction pursuant to § 502(e)(1) of ERISA, codified at 29 U.S.C. 1132(e)(l), and 28 U.S.C. § 1331.

11. Under § 502(f) of ERISA, codified at 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

---

[1] Plaintiff incorporates the entirety of the claim file The Hartford produced in connection with her claim for LTD benefits as if annexed hereto. (Bates nos. Hartford0001-0781).

12. Venue is proper in this district pursuant to § 502(e)(2) of ERISA, codified at 29 U.S.C. § 1132(e)(2), in that the subject plan is administered in this district, and the breaches of duty herein alleged occurred in this district, and pursuant to 28 U.S.C. § 1391(b), in that the events giving rise to the claim occurred in this district.

***History of Case***

13. Plaintiff worked for Flowers Foods, Inc. for more than 25 years at its Philadelphia, Pennsylvania facility. Plaintiff worked in the capacity of Production Supervisor for the last 15 years of her employment with Flowers Foods.

14. As an employee of Flowers Foods, Plaintiff was a beneficiary of the LTD Policy and was assigned Insured ID number 9000952920.

15. At all times relevant to this Complaint, Plaintiff was an Insured Person under the LTD Policy.

16. The Plan, including LTD Policy, is an employee welfare benefit plan within the meaning of § 3(1) of ERISA, codified at 29 U.S.C. § 1002(1), as it was established and is maintained by an employer for the purpose of providing for its participants or their beneficiaries benefits in the event of accident or disability.

17. The effective date of the Plan was August 1, 2005.

18. Plaintiff last worked as a Production Supervisor for Flowers Foods on April 23, 2013.

19. The Hartford determined that Plaintiff became fully disabled on April 24, 2013 due to significant medical ailments related to lumbar sprain/strain and herniation.

20. The Hartford determined that Plaintiff was prevented from performing the duties of her occupation and approved Plaintiff's claim for short-term benefits, followed by long-term disability benefits which began on October 21, 2013.

21. The Hartford continued to pay Plaintiff LTD benefits until February 22, 2016, when The Hartford terminated Plaintiff's LTD benefits.

22. Plaintiff timely appealed her denial of benefits and provided medical documentation from Michael Mandarino, MD clearly indicating Plaintiff is disabled from <u>any</u> occupation due to loss of use of her right shoulder after rotator cuff surgery, continued back symptoms from disc herniation, and the effects of required narcotic analgesic medications.

23. Amanda N. Boser, Claim Analyst for The Hartford, issued a final denial letter dated April 11, 2016 to Plaintiff.

24. The Hartford has not provided benefits to which Plaintiff is entitled pursuant to the terms of the LTD Policy.

25. Plaintiff has exhausted all administrative appeals.

26. Plaintiff remains unable to work and her condition persists to this day.

**COUNT I**

***Claim for Benefits; 29 U.S.C. § 1132(a)(1)(B)***

27. Plaintiff restates and re-alleges ¶¶ 1-26 herein.

28. Plaintiff is a beneficiary of the LTD Policy, an employee welfare benefits plan as defined by ERISA.

29. Defendant The Hartford was charged with administering the terms of the LTD Policy, as covered by ERISA.

30. Defendants and their agents administered the Plan under a conflict of interest because they had authority to terminate Plaintiff's benefits and were in a position to realize financial gains from doing so.

31. Defendants wrongfully, arbitrarily, and capriciously denied Plaintiff the benefits to which

she is entitled pursuant to the terms of the LTD Policy after relying upon insufficient evidence and ignoring superior countervailing evidence.

WHEREFORE, Plaintiff prays that this Honorable Court grant her relief as follows:

A. An award of damages equal to the total sum of LTD payments pursuant to the terms of the LTD Policy retroactive to February 22, 2016, with interest; and,

B. An Order for reinstatement of Plaintiff's LTD benefits from the date of its Order until the termination of the LTD Policy by its terms or the Plaintiff's attainment of the age of retirement; and,

C. An award of reasonable attorneys' fees and costs incurred in the prosecution of this action; and,

D. A declaration that Defendants' conduct was a violation of ERISA; and,

E. An Order barring Defendants from further conduct that violates ERISA; and,

F. Such other relief that this Court deems just and proper.

**COUNT II**
***Breach of Contract***

32. Plaintiff restates and re-alleges ¶¶ 1-31 herein.

33. Plaintiff and Defendants are parties to the LTD Policy and the Plan.

34. The LTD Policy and the Plan constitute a valid and binding contract between Plaintiff and Defendants.

35. Defendants owe Plaintiff long-term disability benefits pursuant to the terms of the LTD Policy.

36. Defendants have failed to provide Plaintiff with the long-term disability benefits pursuant to the terms of the LTD Policy.

37. Plaintiff has suffered damages in the amount of the LTD Policy and Plan benefits, to

which she is due, as she remains unable to work due to her disability.

WHEREFORE, Plaintiff prays that this Honorable Court grant her relief as follows:

A. An award of damages equal to the total sum of LTD payment pursuant to the terms of the LTD Policy retroactive to February 22, 2016, with interest;

B. An Order for the reinstatement of Plaintiff's LTD benefits from the date of its Order until the termination of the LTD Policy by its terms or the Plaintiff's attainment of the age of retirement;

C. An award of reasonable attorneys' fees and costs incurred in the prosecution of this action; and

D. Such other relief that this Court deems just and proper.

**COUNT III**
***Breach of Fiduciary Duty* (29 U.S.C. 1132(a)(2))**

38. Plaintiff restates and re-alleges ¶¶ 1-37 herein.

39. At all material times, Defendants were fiduciaries with respect to their exercise of authority over the management of the Plan, their disposition of Plan assets, and their administration of the Plan including the LTD Policy.

40. Plaintiff asserts a claim of breach of fiduciary duty against Flowers Foods and The Hartford.

41. Defendants were obliged to discharge their duties as Plan administrators for the exclusive benefit of Plan beneficiaries and participants by paying beneficiaries and participants the benefits to which they were, and are, entitled.

42. At all material times herein, Defendants violated their duties as set forth above, and also by having done the following:

(a) Failing to investigate or evaluate Plaintiff's claim fairly or in good faith, instead utilizing

the information available to them in a manner calculated to produce a wrongful but plausible sounding justification for denying benefits; and

(b) Failing to consult with qualified medical consultants; and

(c) Relying upon insufficient evidence and ignoring superior countervailing evidence.

43. Upon information and belief, the medical consultants used by Defendants to evaluate Plaintiff's claim receive significant income from Defendants and/or other insurers for performing medical records reviews and other incidental services, and are biased due to significant financial incentives to render opinions favorable to Defendants.

44. Defendants breached their fiduciary duties toward Plaintiff by hiring record reviewers who ignored multiple reports by Plaintiff's surgeon Dr. Mandarino, and opining that Plaintiff has no impairments, contrary to said reports.

45. Defendants violated their fiduciary duties by failing to act in accordance with the Plan documents, failing to use all prudent skill, failing to honor the duty of loyalty to act solely for the benefit of the Plan participants and beneficiaries, and failing to properly evaluate claims for benefits, including Plaintiff's claim.

WHEREFORE, as remedies for Defendants' improper actions, Plaintiff requests that The Hartford be removed as a Plan fiduciary; and that all other available and proper relief be awarded.

**COUNT IV**

***Equitable Relief* (29 U.S.C. §1132(a)(3))**

46. Plaintiff repeats the allegations contained in ¶¶ 1 - 45 as if set forth at length herein.

47. Plaintiff asserts that a claim for LTD benefits due under the Plan, without more, does not provide an adequate remedy at law in light of Defendants' continuing course of conduct in

violation of the terms of the Plan and applicable law.

48. Accordingly, Plaintiff seeks equitable relief under 29 U.S.C. § 1132(a)(3) against Defendants as an individual Plan participant, on behalf of all other Plan participants, and for the benefit of the Plan itself.

49. Plaintiff requests the removal of The Hartford as Plan fiduciary as set forth above.

50. In addition, Plaintiff seeks an order from this Court requiring that her past and future LTD benefits be paid starting from February 22, 2016, that Defendants be enjoined from terminating LTD benefits for the duration of the applicable maximum benefit period under the Plan, and that she be placed in the same position she would have been in had she timely been paid the LTD benefits to which she was and is entitled ("make-whole" relief), including recovery of interest, attorneys' fees, costs and other losses resulting from Defendants' breach.

WHEREFORE, Plaintiff seeks the following relief:

A. A determination that Plaintiff is entitled to receive LTD benefits under the Plan, and for an injunction mandating the payment of past and future LTD benefits to Plaintiff from February 22, 2016 forward, covering the applicable maximum benefit period under the Plan;

B. An Order, as an equitable remedy, enjoining Defendants from asserting any other income offsets against Plaintiff's LTD benefits;

C. Damages according to proof, including "make-whole" relief as described above;

D. A penalty assessed against Defendants for $110 per day per document missing from the file and identified as this litigation progresses, in accordance with 29 U.S.C. §1132(c);

E. Attorneys' fees, costs and interest as permitted by law;

F. Such other relief as the Court deems appropriate.

***Notice Pursuant to ERISA § 502(h)***

To ensure compliance with the requirements of ERISA § 502(h), 29 U.S.C. § 1132(h), the undersigned hereby affirms that, on the date, if any, that this Complaint is accepted for filing, a true and correct copy of the same will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, return receipt requested.

Dated: August 2, 2016

Respectfully submitted,

Kenneth D. Berman
PA Attorney ID # 34921
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103
Tel: 215-297-4495
Fax: 215-494-3544
kberman@kdblegal.com

William J. Fox
PA Attorney ID # 69898
1219 Spruce Street
Philadelphia, PA 19107
Tel: (215) 546-2477
Fax: (215) 546-4698